UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROUND VALLEY INDIAN TRIBES OF CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION, et al., <br><br> Defendants. | Case No. 15-cv-04987-JSW <br><br> **ORDER DEFERRING RULING ON MOTION TO SEAL ADMINISTRATIVE RECORD AND DIRECTING PARTIES TO MEET AND CONFER** <br><br> Re: Dkt. No. 54 |

Defendants California Department of Transportation and Malcolm Dougherty have filed an administrative motion to seal large portions of the administrative record. Plaintiffs request that the Court deny the motion without prejudice, because they have not yet had time to review each document to determine if it is "sealable" within the meaning of Northern District Civil Local Rule 79-5. Plaintiffs put forth a proposal that would require the parties to meet and confer further on this issue. Given the volume of documents at issue, and because the Court has only been provided with the documents in electronic form, the Court finds good cause to adopt portions of Plaintiffs' proposal.

Accordingly, the Court DEFERS ruling on the motion to seal. Pending a final order from the Court, the documents shall remain lodged under seal and shall not be accessible to the public. By no later than July 29, 2016, the parties shall meet and confer, as that term is defined by the Northern District Civil Local Rules, in an effort to come to an agreement on whether any given document should be filed under seal in its entirety or in part. Although Plaintiffs ask the Court to order counsel for Defendants to provide the "instructions and methods described in paragraph 4 of the" Lau Declaration, that request might intrude upon the attorney-work product privilege. The

Case 4:15-cv-04987-JSW   Document 57   Filed 07/11/16   Page 2 of 2

Court would encourage the parties to work together to resolve that issue without violating any potential privilege issues.

However, the Court does find it appropriate to require the Caltrans Defendants to set forth a particular basis for sealing *each* document and to identify any documents that were part of the publicly filed Administrative Record in the related case, *Center for Biological Diversity v. California Department of Transportation*, 12-CV-2172.  Caltrans shall provide this information to Plaintiffs by July 18, 2016.

Once the parties have met and conferred, they shall submit a joint supplemental motion to seal.  In that motion, the parties should identify any documents that they agree should be sealed and the basis therefore.  If the parties cannot agree on particular documents, they should create a chart similar to the chart in Defendants' administrative motion, which sets forth the document number, and each party's respective position as to why it should, or should not be sealed.

**IT IS SO ORDERED.**

Dated: July 11, 2016

_____
JEFFREY S. WHITE
United States District Judge

2