**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROUND VALLEY INDIAN TRIBES OF CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.,<br><br>    Defendants. | Case No. 15-cv-04987-JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CALTRANS DEFENDANTS' MOTION TO DISMISS AND CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 69 |

Now before the Court for consideration is the motion to dismiss filed by the California Department of Transportation and Malcolm Dougherty (collectively the "Caltrans Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the Caltrans Defendants' motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing on this motion, which is scheduled for February 3, 2017, and it HEREBY GRANTS, IN PART, AND DENIES, IN PART, the Caltrans Defendants' motion.

It is FURTHER ORDERED that in light of the pending motion to dismiss filed by United States Department of Transportation, Secretary of Transportation Anthony Foxx, the Federal Highway Administration ("FHWA"), and FHWA Administrator Gregory G. Nadeau (collectively "the Federal Defendants"), which shall remain on calendar on February 3, 2017 at 9:00 a.m., the Court CONTINUES the case management conference scheduled for February 3, 2017 at 11:00 a.m. to February 17, 2017, at 11:00 a.m. The parties shall submit a joint case management conference statement on or before February 10, 2017.

**BACKGROUND**

This litigation arises out of a proposed highway project around the community of Willits, California (the "Willits Bypass Project"). On October 30, 2016, Plaintiffs, the Coyote Valley Band of Pomo Indians of California ("Coyote Valley") and the Round Valley Indian Tribes of California ("Round Valley") (collectively "Plaintiffs"), filed the original complaint in this case. (Dkt. No. 1.) In that complaint, Plaintiffs asserted claims against the Caltrans Defendants for alleged violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. sections 4321, *et seq.*, the National Historic Preservation Act ("NHPA"), 54 U.S.C. sections 300101, *set seq.*, Section 4(f) of the Department of Transportation Act, 49 U.S.C. section 303(c) (the "Section 4(f) claim"), and Section 18(a) of the Federal-Aid Highway Act, 23 U.S.C. section 138 (the "Section 18(a) claim"). The Caltrans Defendants answered the Complaint on January 11, 2016. (Dkt. No. 26.)

On August 2, 2016, the Court granted a motion to dismiss filed by the Federal Defendants. (Dkt. 58, Order Granting Federal Defendants' Motion to Dismiss ("August 2 Order").) The Court gave Plaintiffs leave to amend, and it directed them to specifically identify which defendant acted, or failed to act, in a particular manner. (*Id.* at 7:1-10, 8:11-16.)

On August 24, 2016, Plaintiffs filed their First Amended Complaint ("FAC").[1] Plaintiffs continue to allege that all Defendants failed to properly identify and protect their "ancestral, sacred, cultural, and archeological sites and resources" and destroyed certain sites during the construction of the Willits Bypass Project. (*See, e.g,* FAC ¶¶ 1, 45-46, 211.) Plaintiffs also allege that all Defendants failed to "(a) adequately address the direct, indirect, and cumulative cultural, environmental, and historic impacts of the Willits Bypass Project; (b) identify and finalize the details of the mitigation plan or its environmental and cultural impacts; and (c) commit to necessary mitigation measures." (*Id.* ¶ 8.)

---

[1] The Court ordered Plaintiffs to file their FAC by August 23, 2016. Plaintiffs initially filed the FAC on August 24, 2016, and due to an incorrect case number were required to re-file the document. Plaintiffs filed the corrected FAC on August 26, 2016. Because the Caltrans Defendants have not demonstrated any prejudice as a result of the delay in filing the FAC, the Court accepts the FAC.

The Court shall address additional facts as necessary in its analysis.

## ANALYSIS

### A. The Court Denies the Motion to Dismiss Based on Failure to Comply with Federal Rule of Civil Procedure 8 and/or the Court's Order.

The Caltrans Defendants move to dismiss the FAC pursuant to Federal Rules of Civil Procedure 8 and 41(b).[2] They argue that Plaintiffs' FAC fails to comply with Rule 8's requirement to set forth a short and plain statement of their claims. They also argue Plaintiffs failed to comply with the Court's August 2 Order, in which the Court directed Plaintiffs not to refer to Defendants collectively in an FAC. In order to determine whether dismissal under Rule 41(b) is appropriate, the Court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The parties have not addressed these factors in their briefs.

The FAC is lengthy and does include citations to statutes or case references that might be more appropriately cited in a legal brief, rather than a pleading. However, the allegations are not "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Nor is the FAC "verbose, confusing and conclusory." *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). The Court finds the FAC satisfies the requirements of Rule 8.

Plaintiffs also have made clear distinctions between the Defendants in other portions of the FAC. (*See, e.g.,* FAC ¶¶ 91, 104, 117, 161, 163.) Plaintiffs do include some collective references to "Defendants," but they argue that any such mention is "to describe conduct that Plaintiffs believe, in good faith, that all of the Defendants jointly participated[.]" (Dkt. No. 73, Opp. Br. at

---

[2] In the alternative, the Caltrans Defendants seek relief under Federal Rule of Civil Procedure 12(f) and ask the Court to strike all the references to "Defendants." The Court finds those references are neither immaterial nor impertinent. It therefore DENIES, IN PART, the Caltrans Defendants' alternative motion to strike.

3

5:8-10.) The Court concludes Plaintiffs have complied with its directives. In addition, to the extent Plaintiffs continue to include references to "Defendants" collectively, the Court has considered the factors set forth in *Yourish*, and it finds they weigh against dismissal.

With respect to public's interest in expeditious resolution of litigation, the Court's need to manage its docket, and the public policy in resolving cases on their merits, this case is in the early phases of the litigation, and it has not yet "consumed large amounts of the court's time[.]" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal under Rule 41(b) where "case dragged on for over a year and a half before it finally was dismissed"). In addition, this was Plaintiffs first amendment, which distinguishes this case from the *McHenry* case, in which the plaintiff had been granted several opportunities to amend and continued to violate the court's directive to make his complaint more concise and less argumentative. *See McHenry*, 84 F.3d at 1178-79.

There also are less drastic alternatives available to the Court than dismissal. For example, the Court could require the Plaintiffs to file a further amended complaint that expressly states that the Defendants were acting jointly when they are referenced collectively. However, the Court concludes the Plaintiffs have made sufficient distinctions among and between the Defendants to put the Caltrans Defendants on notice of the conduct that gives rise to Plaintiffs' claims against them. For that same reason, the Court concludes the Caltrans Defendants have not articulated any specific prejudice they have suffered because Plaintiffs did not, in all cases, refer to a particular agency or individual.

Accordingly, the Court DENIES the Caltrans Defendants' motion to dismiss for failure to comply with Rule 8 and with the August 2 Order.

**B.   The Court Grants the Caltrans Defendants' Motion to Strike Plaintiffs' Prayer for Damages.**

The Caltrans Defendants also move to strike Plaintiffs' prayer for damages on the basis that their claim for damages is barred by the doctrine of sovereign immunity. Plaintiffs concede that, as drafted, the claim for damages is not viable. Accordingly, the Court GRANTS, IN PART, Caltrans' motion on this basis. Plaintiffs argue that they could assert a viable claim for damages

4

under the Federal Torts Claims Act ("FTCA") against Caltrans. Plaintiffs have not explained how Caltrans would be subject to the FTCA. In general, the Court should be liberal in granting leave to amend. However, because the Court already granted Plaintiffs leave to amend their claims once, the Court concludes Plaintiffs should be required to file motion for leave to amend to add a claim against the Caltrans Defendants under the FTCA and to show why a prayer for damages would be viable in this case.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Caltrans Defendants' motion to dismiss for failure to comply with Rule 8 or with the Court's August 2, 2016 Order. The Court GRANTS Caltrans' motion to strike the prayer for damages. If Plaintiffs wish to file a second amended complaint to assert a claim for damages against the Caltrans Defendants, they must file a motion for leave to do so by no later than February 17, 2017.[3]

**IT IS SO ORDERED.**

Dated: January 23, 2017

_____
JEFFREY S. WHITE
United States District Judge

---

[3] This case is related to *Center for Biological Diversity v. Federal Highway Administration*, No. 12-cv-02172-JSW. Therefore, the parties must notice motions for hearings on dates available for terminal digit 2.